IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

        Plaintiff,                     No. 1:06-cv-1089 ALA P

      vs.

W.J. SULLIVAN, et al.,

        Defendants.              <u>ORDER</u>

_____/

      Plaintiff Garrison S. Johnson is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On December 29, 2006, plaintiff filed a motion for a temporary restraining order and/or a preliminary injunction. On February 28, 2008, defendants filed a response in opposition. Plaintiff filed a reply to defendant's response on March 12, 2008.

**I**

      The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. *See Coalition for Economic Equity v. Wilson*, 122 F.3d 692, 700 (9th Cir. 1997); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. *Oakland Tribune*, 762 F.2d at 1376. "Under any

1

formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Id.* In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff requests the court grant him a temporary restraining order and/or preliminary injunction directing defendants to transfer plaintiff to a prison that does not segregate prisoners according to race. Plaintiff claims that he will be subject to irreparable harm if not granted this request because he would be precluded from pursuing an equal protection claim. However, this court has already ordered defendants to answer plaintiff's complaint concerning his equal protection claim. Plaintiff therefore has failed to show that he will be irreparably harmed if not granted a temporary restraining order and/or a preliminary injunction. As such his motion will be denied.

### III

Therefore, IT IS HEREBY ORDERED that plaintiff's December 29, 2006, motion for a temporary restraining order and/or a preliminary injunction is DENIED.

/////

DATED: March 18, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation