IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

        Plaintiff,                   Case No. 1:06-cv-1089 ALA (P)

vs.

W.J. SULLIVAN, et al.,

        Defendants.               <u>ORDER</u>

_____/

      Before this Court are the following motions: (1) Mr. Johnson's two motions for subpoenas duces tecum (Docs. 38 and 39); (2) Mr. Johnson's motion for default judgment (Docs. 59-61); (3) Mr. Johnson's motion for summary adjudication (Docs. 65, 67 and 68); and (4) Mr. Johnson's motion for appointment of counsel (Doc. 66).

**I**

      Mr. Johnson filed two motions for subpoenas duces tecum on February 25, 2008 (Docs. 38 and 39). In the order filed on February 28, 2008 (Doc. 40), the Court informed Mr. Johnson that the "consideration of those motions will be deferred until after the court has received defendant's response to plaintiff's motion for a temporary restraining order and/or preliminary injunction." Defendants filed their response and the Court denied Mr. Johnson's motion for a temporary restraining order and/or preliminary injunction on March 19, 2008 (Doc. 45).

Therefore, Mr. Johnson's pending motions for subpoenas duces tecum are denied as moot.

**II**

In his motion for default judgment, Mr. Johnson argues that "defendants [have failed] to answer or otherwise defend in the above entitled matter." (Doc. 59). However, the Defendants filed an Answer on April 7, 2008. (Doc. 56). Therefore, Mr. Johnson's motion for default judgment is denied.

**III**

Mr. Johnson filed a motion for summary judgment on April 21, 2008. (Doc. 66). Defendants shall file a response to Mr. Johnson's motion on or before May 26, 2008. Mr. Johnson shall file a reply to Defendants' response on or before June 9, 2008.

**IV**

Mr. Johnson has requested the appointment of counsel. (Doc. No. 66). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the Court does not find the required exceptional circumstances. Mr. Johnson's motion for the appointment of counsel will therefore be denied.

///

///

Accordingly, good cause showing, IT IS HEREBY ORDERED THAT:

1. Mr. Johnson's motions for subpoenas duces tecum (Docs. 38 and 39) are DENIED as moot.
2. Mr. Johnson's motion for default judgment (Doc. 59) is DENIED.
3. Defendants shall file a response to Mr. Johnson's motion for summary judgment on or before May 26, 2008. Mr. Johnson shall file a reply to Defendants' response on or before June 9, 2008.

1      4.      Mr. Johnson's motion for appointment of counsel (Doc. 66) is DENIED.

///

DATED: April 30, 2008

                           /s/ Arthur L. Alarcón
                           UNITED STATES CIRCUIT JUDGE
                           Sitting by Designation