IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>W.J. SULLIVAN, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:06-cv-01089 ALA (P)<br><br><br><br><br><br>REVISED SCHEDULING ORDER |

Plaintiff Garrison S. Johnson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Several motions are pending before this Court.

**I**

On July 10, 2008, Mr. Johnson filed a "Motion for Subpoena Duces Tecum and Order of Service by U.S. Marshal." (Doc. No. 87). In this motion, Mr. Johnson requests that the Court issue a subpoena ordering Defendant Dovey to provide plaintiff with a copy of an October 7, 2006 videotape from the CCI-IV Facility Yard, a February 2, 2007 videotape of a briefing of CCI prison officials, and a written transcription of that briefing. On July 25, 2008, Defendant Dovey filed "Responses to Plaintiff's Motion for Subpoena Duces Tecum." (Doc. No. 95). In the response, it is Defendant Dovey's contention that issuing the requested subpoena would be a futile act as Defendant Dovey is retired from the California Department of Corrections and Rehabilitation (CDCR) and does not have possession, custody or control of the documents Mr.

1

Johnson seeks. Plaintiff's "Motion for Subpoena Duces Tecum and Request Order of Service by U.S. Marshal" (Doc. No. 87) is DENIED. Mr. Johnson should make a request for the materials he is seeking, to all appropriate Defendants, by way of a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. Rule 34 is one of the discovery tools available to litigants in the federal courts. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007). It broadly provides that:

> A party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents or electronically stored information–including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . [that are] in the responding party's possession, custody, or control.

Fed. R. Civ. P. 34(a). "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum and Indus. Workers. AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Thus, "[a] party responding to a Rule 34 production request . . . 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)(citation omitted)).

If Mr. Johnson is dissatisfied with Defendants' response to his request, he may move to compel production. If Mr. Johnson is dissatisfied with Defendants' response to his request, he may move to compel production.

**II**

On July 25, 2008, the Defendants filed a "Response to Order to Show Cause" (Doc. No. 94) pursuant to the Court's Order to Show Cause entered on July 17, 2008 (Doc. No. 89). In the response, Defendants contend that they should not be sanctioned for failure to respond to Plaintiff's "Motion to Appoint Expert" (Doc. No. 77) due to the unavailability of defense counsel, among other reasons. Defendants' request that the Court not impose sanctions and request for leave to file their response to Plaintiff's "Motion to Appoint Expert" (Doc. No. 77)

by August 4, 2008 are GRANTED.

### III

On July 25, 2008, Defendants filed a "Motion to Modify the Scheduling Order." (Doc. No. 93). Good cause appearing, it is hereby ORDERED that Defendants' motion is GRANTED in part.

### IV

On July 28, 2008, Defendants filed a "Second Request for Extension of Time to Respond to Plaintiff's Interrogatories to Defendants Carrasco, Sullivan, and Gonzales, and Request for Production of Documents to Defendant Gonzales." (Doc. No. 96). This request is GRANTED. Defendants shall file their responses in compliance with the modified scheduling order set forth in this Order.

Accordingly, good cause showing, IT IS HEREBY ORDERED THAT:

1. Mr. Johnson's "Motion for Subpoena Duces Tecum and Request Order of Service by U.S. Marshal" (Doc. No. 87) is DENIED. Mr. Johnson should make a request for the materials he is seeking by way of a request for production of documents pursuant to Fed. R. Civ. P. 34.

2. Defendants' request that the Court not impose sanctions and request for leave to file their response to Plaintiff's "Motion to Appoint Expert" (Doc. No. 77) by August 4, 2008 are GRANTED.

3. The Defendants "Motion to Modify the Scheduling Order." (Doc. No. 93) is GRANTED in part. The Court's Scheduling Order entered on May 2, 2008 (Doc. No. 71) is modified as follows:

   a. The discovery cutoff date of July 31, 2008 is VACATED. The parties may conduct discovery until August 28, 2008. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Rules 31, 33, 34, or 36 of the Federal Rules of Civil Procedure shall be served no later than that date.

   b. The due date of August 4, 2008 for all pretrial motions, except motions to compel discovery is VACATED. All pretrial motions, except motions to compel discovery shall

be filed on or before September 5, 2008.  Motions shall be briefed in accordance with paragraph 7 of the order filed December 7, 2007 (Doc. 20).

    c. The due dates for pretrial statements from the Court's May 2, 2008 Scheduling Order are VACATED.  Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before November 12, 2008.  Defendant shall file a pretrial statement on or before November 26, 2008.  The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

    d. Pretrial conference (as described in Local Rule 16-282) is continued in this case to December 3, 2008.  The pretrial conference shall be conducted on the file only, without appearance by either party.

    e. The trial date of December 17, 2008 is VACATED.

    f. This matter is now set for jury trial before the Honorable Arthur L. Alarcón on January 13, 2008 at 9:00 a.m. in a courtroom to be determined; and,

    g. No other changes are made to the Court's Scheduling Order entered on May 2, 2008 (Doc. No. 71).

  4. Defendants "Second Request for Extension of Time to Respond to Plaintiff's Interrogatories to Defendants Carrasco, Sullivan, and Gonzales, and Request for Production of Documents to Defendant Gonzales"  (Doc. No. 96) is GRANTED.  Defendants are ordered to comply with the modified scheduling order set forth in this Order.

/////

DATED: July 30, 2008

          /s/ Arthur L. Alarcón
          UNITED STATES CIRCUIT JUDGE
          Sitting by Designation