IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

    Plaintiff,       Case No. 1:06-cv-01089 ALA (P)

    vs.

W.J. SULLIVAN, et al.,

    Defendants.       <u>ORDER</u>

_____/

    Plaintiff Garrison S. Johnson, a state prisoner in this civil rights action filed pursuant to 42 U.S.C. § 1983, was appointed counsel by the Court on August 26, 2008. (Doc. 112). Several matters are pending before the Court.

**I**

    On September 8, 2008, before Plaintiff became aware that counsel had been appointed for him, he filed a *pro se* motion for a preliminary injunction. (Doc. 127). In that motion, Plaintiff sought an order directing the California Department of Corrections and Rehabilitation (CDCR) to release him from the prison's Security Housing Unit (SHU) where he was being held. Mr. Johnson contends that Defendant Carrasco, an Associate Warden at California Correctional Facility at Tehachapi (CCI – Tehachapi) where Plaintiff was incarcerated, ordered that Mr.

1  Johnson be held in the SHU indefinitely, in retaliation for Mr. Johnson having named her as a
2  defendant in this suit. *Id.* at 6-7. According to Plaintiff, Defendant Carrasco imposed an 18-
3  month SHU term set to expire on May 2, 2008, based upon a Rules Violation Report dated
4  March 17, 2007, Log # 4A-07-03-0161. *Id*. at 3, 7. On March 26, 2008, prior to expiration of
5  the imposed 18-month SHU term, Plaintiff contends that Defendant Carrasco, who was then
6  Chief Deputy Warden and Chairperson of the Institutional Classification Committee responsible
7  for assessing Mr. Johnson's SHU term, informed Plaintiff that the committee was imposing an
8  "indeterminate SHU term against him." *Id.* Plaintiff alleges that the decision to retain him in the
9  SHU indefinitely was retaliatory, and issued in violation of California Code of Regulations Title
10  15 § 3341.5(B)8(3)(A)(B).[1]

11  On October 1, 2008, counsel for Plaintiff informed the Court that Plaintiff's motion for a
12  preliminary injunction would not be supplemented by counsel, and should be considered by the
13  Court as filed. (Doc. 136). On October 27, 2008, the Court ordered Defendants to respond to
14  Plaintiff's motion for a preliminary injunction on or before November 24, 2008. (Doc. 139). On
15  November 24, 2008, Defendants filed a motion for an extension of time to file an opposition to
16  Plaintiff's motion. (Doc. 141). The Court granted the extension and ordered Defendants to file
17  an opposition by December 12, 2008. (Doc. 142). Defendants filed an opposition stating that
18  Mr. Johnson is no longer being housed in the SHU. (Doc. 149). Accordingly, Plaintiff's motion
19  is DENIED as moot.

**II**

21  On December 11, 2008, Plaintiff's counsel filed a motion for a preliminary injunction
22  compelling Defendants to allow Plaintiff one weekly telephone call with his attorneys. (Doc.

---

[1] Plaintiff has alleged in the instant action that prison officials retaliated against him for litigating against the CDCR's racial segregation policies. The Court notes that on May 8, 2008, Plaintiff filed another 42 U.S.C. § 1983 civil rights action against Defendant Carrasco, and other defendants, alleging, in part, that he is experiencing retaliation from prison officials "for exercising his constitutional right to file a lawsuit" in violation of his first amendment rights. *See* Case No. 1:08-CV-640 (LJO-DLB). That suit is pending before another judge.

144). In that motion, Plaintiff's counsel contends that an injunction is warranted because counsel has been unable to reach their client, either by mail or by telephone, since their appointment by the Court on August 26, 2008. *Id*. Letters sent by Plaintiff's counsel, Ms. Thrower, in October 2008 were returned to her two weeks later with a stamp indicating that "Johnson was not at that address." (Decl of L. Thrower, at ¶ 5 (Doc. 145)). It is unclear whether letters sent to Plaintiff by Ms. Thrower on November 22, 2008 were received by Mr. Johnson, because they have not been acknowledged by Plaintiff. *Id*. at ¶ 6.

On November 28, 2008, Plaintiff's counsel, Mr. DeNiro, called CCI – Tehachapi and asked to speak to his client. (Decl of M. DeNiro, at ¶ 5 (Doc. 146)). Mr. DeNiro was told that he could not speak to Plaintiff because Plaintiff was being "held in the SHU, and inmates in the SHU are not allowed to receive calls." *Id.* On December 10, 2008, Mr. DeNiro spoke to Brian Snider, Litigation Coordinator at CCI – Tehachapi. *Id.* at ¶ 6. Mr. Snider told Mr. DeNiro that "the Facility had a procedure for attorneys to request to be able to speak with their clients who are housed in SHU" and that there was little to no likelihood that a request by Mr. DeNiro to speak with his client weekly would be approved. *Id.*

On December 11, 2008, the same day Plaintiff's counsel filed a motion compelling Defendants to provide them with mail and telephone access to their client, this Court ordered Defendants to notify counsel for Plaintiff, and this Court, on or before December 15, 2009[2], of the exact mailing address where Plaintiff could can be reached by his counsel. (Doc. 148). Defendants were also ordered to file a response to Plaintiff's December 11, 2008 motion for a preliminary injunction on or before December 18, 2008. *Id*. The Court indicated in that order that "[f]ailure to comply with this order will result in immediate sanctions, the granting of the preliminary injunction, or both." *Id*.

A

---

[2] The date of December 15, 2009 was a typographical error.

3

1　　　　The next day, December 12, 2008, Defendants filed an opposition to Plaintiff's
2　September 8, 2008 motion for a preliminary injunction seeking an order directing Defendants to
3　release him from the SHU. (Doc. 149). In the opposition, Defendants stated that Plaintiff was
4　released from the SHU on November 12, 2008. *Id*. at 2. That information flatly contradicts the
5　information given to Plaintiff's counsel when he called CCI – Tehachapi on November 28, 2008
6　and asked to speak to his client. (Decl of M. DeNiro, at ¶ 5 (Doc. 146)). Mr. DeNiro has
7　declared that he was refused telephone contact with Plaintiff because, he was told, Plaintiff was
8　being "held in the SHU, and inmates in the SHU are not allowed to receive calls." *Id.*

9　　　　Defendants' assertion that Plaintiff was released from the SHU on November 12, 2008
10　also contradicts the information conveyed to Mr. DeNiro when he called CCI – Tehachapi on
11　December 10, 2008, and was told by Litigation Coordinator Brian Snider that a request by Mr.
12　DeNiro to speak with his client weekly would not likely be approved because"the Facility had a
13　procedure for attorneys to request to be able to speak with their clients who are housed in SHU."
14　*Id.*

15　　　　Not only was Plaintiff no longer in the SHU at CCI – Tehachapi on December 10, 2008,
16　when his attorney attempted to contact him, it appears that Plaintiff was not even at the CCI –
17　Tehachapi facility. According to a declaration filed by Brian Snider on December 18, 2008,
18　Plaintiff "has been gone from CCI since December 2, 2008." (Decl. of B. Snider at ¶ 9 (Doc.
19　150)).

20　　　　When they filed their December 12, 2008 opposition to Plaintiff's motion, Defendants
21　knew or should have known that Plaintiff's counsel was attempting to ascertain their client's
22　whereabouts so they could contact him, as evidenced by counsels' December 11, 2008 motion
23　for a preliminary injunction, and this Court's order that same day. In their December 12, 2008
24　opposition, however, rather than informing Plaintiff's counsel, and this Court, that Mr. Johnson
25　had been transferred to another facility on December 2, 2008, Defendants stated only that
26　Plaintiff had been released from the SHU on November 12, 2008. *Id.* Defendants also failed to

inform Plaintiff's counsel, or the Court, on or before December 15, 2008, of Johnson's correct mailing address, as directed by the Court in its December 12, 2008 order.

**B**

On December 18, 2008, Defendants filed an opposition to Plaintiff's motion for a preliminary injunction compelling Defendants to allow weekly telephone contact between Plaintiff and his counsel in order to allow for deposition preparation and trial preparation.[3] (Doc. 150). Defendants argue that: Plaintiff has not demonstrated a need for weekly telephone calls with his counsel; the relief requested is not narrowly drawn; and, the relief requested would have an adverse impact on public safety and the operation of the prison. *Id*. at 4-5. Defendants also argue that since Johnson has been approved for a transfer to another institution, "[t]he Court should not issue an injunction that requires officials at CCI to provide Johnson with services they cannot provide when he is housed a different institution." *Id*. at 6.

**C**

On December 19, 2008, Plaintiff filed a motion for *nunc pro tunc* amendment of the Court's order of December 11, 2008 (correcting the due date of Defendant's response to read December 15, 2008, rather than 2009) and a motion for sanctions for Defendants' failure to comply therewith. (Doc. 151). On December 19, 2008, Defendants filed an opposition to Plaintiff's motion. (Doc. 152). Defendants argue that they substantially complied with the Court's order because Plaintiff's counsel was told by the CCI litigation coordinator what "the best mailing address for Johnson" was "before December 15, 2008." *Id*. at 2. Defendants maintain that they "overlooked that portion of the order requiring Defendants to notify the Court as well as counsel of the mailing address." *Id.* In his declaration in support of Defendants' opposition for Plaintiff's motion for sanctions, Mr. Snider declares that, as of December 19,

---

[3] It is in the opposition dated December 18, 2008 that Defendants informed Plaintiff's counsel – apparently for the first time – that their client was transferred to another facility on December 2, 2008. (Decl. of B. Snider at ¶ 9 (Doc. 150)).

5

2008, Mr. Johnson was located at Deuel Vocational Insitute (DVI), Bed J244 low, P.O. Box 600, Tracy, CA 95378.  (Decl. of B. Snider at ¶ 2 (Doc. 152)).  "However, Johnson will be returned to CCI as soon as transportation is arranged."  *Id.*  Thus, according to Mr. Snider, "sending [Johnson's mail] to CCI to await Johnson's return was-and remains- the best option."  *Id.* at ¶ 3.  According to Defendants, the best mailing address for Mr. Johnson is his last known address at CCI which is:   California Correctional Institution, Unit 4B-2C-207 low, P.O. Box 1906 Tehachapi, CA 93581.  (Doc. 152 at 2).

In reply to Defendants' opposition, Plaintiff argues that "Mr. Snider's suggestion [that counsel send mail to Johnson at CCI] may be the best option for the Defendants to insure Plaintiff will continue to be *incommunicado* with his counsel, but it is demonstrably not Plaintiff's best option."  (Doc. 153 at 3).  Plaintiff's counsel's attempts to reach their client by mail at "Johnson's last known address at CCI" in October 2008 were unsuccessful and there is no evidence counsel's letters mailed in November to Johnson have reached him.  Plaintiff's counsel maintains that they have not communicated with their client "by mail even once since [they] were appointed to represent him, despite repeated attempts by counsel to communicate with [Johnson] by mail."  *Id*. at 5.

### III

Based on the foregoing, the Court makes the following rulings:

### A

Plaintiff's counsel contends that legal mail sent to Mr. Johnson is not being received by him. (Doc. 144-46).  Under the California Code of Regulations Title 15, Section 3141(a), confidential correspondence, including correspondence with one's attorney, is a right guaranteed to inmates by law.  Cal. Code Regs. tit. 15, § 3141(a).  Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege.  Thus, while prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, legal mail must be treated more cautiously.  *Wolff v. McDonnell*, 418 U.S. 539,

577 (1974). Incoming legal or confidential mail may be opened and inspected for contraband only in the presence of the inmate addressee. Cal. Code Regs. tit. 15, § 3143(a). Under § 3143, a permanent log book recording all incoming confidential mail is maintained by the prison mailroom and/or litigation coordinator. Cal. Code Regs. tit. 15, § 3143(b).

Defendants contend that they "cannot know why Johnson's attorneys have not received replies to their correspondence of November 22, 2008," and that "[i]t is entirely possible . . . that Johnson has not received mail sent by his counsel on November 22, 2008, not because they do not have a correct address for his at CCI, but because the mail was not ready to distribute to Johnson until after he left on December 2, 2008." Doc. 152 at 2-3. Defendants' speculation as to what may have become of Mr. Johnson's legal mail is wholly inadequate in light of the prison's ongoing duty to log all incoming legal mail.

Plaintiff has alleged that prison officials have retaliated against him for exercising his right to access the courts. Given these allegations, the Court is troubled by Plaintiff's counsels' inability to locate and communicate with their client. *See e.g., Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001). In *Gomez*, the district court granted a declaratory judgment that inmates were subjected to unlawful retaliation where their correspondence with outside counsel was read by prison officials and communicated to counsel for the Idaho Department of Corrections. *Id.* at 1123-24. In affirming the district court's order sanctioning counsel for improperly using privileged and confidential materials belonging to inmate litigants, the Ninth Circuit determined that "[the] case exemplifie[d] antagonism toward prisoner litigation at the cost of constitutional rights and legal ethics." *Id.* at 1122.

Defendants' counsel is hereby ORDERED to review, or to direct a Litigation Coordinator, or other qualified custodian of records for CCI – Tehachapi who has access to the current confidential mail log book, as well as the archived log book, if necessary, to review the confidential mail log books from November 22, 2008 to date for any record of correspondence from Ms. Thrower and/or Mr. DeNiro to Mr. Johnson. Defendants are ORDERED to provide a

declaration informing Plaintiff's counsel, and the Court, as to whether there is a record of Mr. Johnson having received the above-described legal mail, sent to Plaintiff by his counsel on November 22, 2008. If there is no record of Mr. Johnson having received above-described legal mail, Defendants are ordered to make every effort to determine what became of the correspondence, to include all available information concerning the location and/or fate of Mr. Johnson's legal mail, and to document what efforts were undertaken to locate the above-described legal mail, in the declaration Defendants file with the Court. Defendants shall comply with this order on or before December 31, 2008.

**B**

Plaintiff's counsel contends that their efforts to determine Mr. Johnson's physical location have been frustrated by prison officials. Counsel's calls to CCI – Tehachapi have resulted in counsel being provided with erroneous information about their client's whereabouts. Counsels' numerous calls to the CDCR Identification Unit/Inmate Locator telephone number on November 20, 2008 and November 21, 2008 were also unsuccessful. (Decl of M. DeNiro, at ¶ 5 (Doc. 153)).

After being ordered by this Court to do so, Defendants have informed counsel for Plaintiff that Mr. Johnson is at DVI, as of December 19, 2008. (Doc. 152 at 2). Defendants have also indicated that "[Mr.] Johnson will be returned to CCI as soon as transportation is arranged," however, no date has been give as to when that transfer will occur. *Id.* Defendants have further informed Plaintiff's counsel that Mr. Johnson "has been endorsed for a transfer to Kern Valley State Prison (KVSP)" which "will take place as soon as space is available at [that] institution." (Doc. 150). Defendants have given Plaintiff's counsel no indication as to when that transfer may occur.

Defendants are hereby ORDERED to inform counsel for Plaintiff, and this Court, when Mr. Johnson has been transferred back to CCI, and to make such notification within 72 hours of the transfer. If Mr. Johnson is transferred (or has already been transferred) from DVI to a

facility other than CCI – Tehachapi, Defendants are ORDERED to inform counsel for Plaintiff, and this Court, of such transfer and to make such notification within 72 hours of the transfer.

### C

Plaintiff has filed a motion for an injunction compelling Defendants to provide Mr. Johnson with access to a telephone so that he may speak to his attorneys for sixty minutes her week, so that they may prepare for upcoming depositions and trial.

The legal principles applicable to a request for injunctive relief are well established. In determining the appropriateness of injunctive relief, the Court must consider whether relief is appropriate, if so, relief must be tailored when conditions of prison confinement are challenged, and the Court must consider its role in protecting and preserving federally guaranteed rights. *Gomez,* 255 F.3d at 1128.

Injunctive relief is appropriate only when "irreparable injury" is threatened, and any injunctive relief awarded must avoid unnecessary disruption to a state agency's "normal course of proceeding." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); O'Shea v. Littleton, 414 U.S. 488, 501 (1974). This well-established standard for injunctive relief must also be viewed in conjunction with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA").[4] Under the PLRA, the court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," before granting

---

[4] The PLRA provides, in relevant part: Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief. 18 U.S.C. § 3626(a)(1)(A). Because this is a "civil proceeding arising under Federal law with respect to … the effects of actions by government officials on the lives of persons confined in prison," it is a prison conditions case for purposes of the PLRA. 18 U.S.C. § 3626(g)(2).

injunctive relief. 18 U.S.C. § 3626(a)(1). Accordingly, "before granting prospective injunctive relief, the trial court must make the findings mandated by the PLRA [and must] give 'substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.'" *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1997) (quoting 18 U.S.C. § 3626(a)(1)) (holding that Congress explicitly prescribed section 3626's reach to include pending cases).

        1.       Irreparable Injury

Plaintiff argues that counsel's attempts to communicate with Mr. Johnson over the course of the last four months have been frustrated by prison officials at CCI - Tehachapi. Plaintiff has been allowed access to his counsel on only one occasion since their appointment in August 2008. Plaintiff and his counsel have also been denied reasonable access to communications by mail. Mr. Johnson is scheduled to be deposed on January 15, 2009. (Doc. 144). Trial in this matter is scheduled to begin April 21, 2009. If Plaintiff is not allowed to confer with his counsel, Plaintiff argues, he will be irreparably harmed because he will be unable to prepare his case for trial and effectively be denied access to the courts.

To satisfy the requirement of irreparable injury, a plaintiff must demonstrate a "real or immediate threat that they will be wronged again – a 'likelihood of substantial and immediate irreparable injury.'" *Lyons*, 461 U.S. at 111 (quoting *O'Shea*, 414 U.S. at 502). "A state law enforcement agency may be enjoined from committing constitutional violations where there is proof that officers within the agency have engaged in a persistent pattern of misconduct." *Thomas v. County of Los Angeles*, 978 F.2d 504, 508 (9th Cir. 1993). *See also Walters v. Reno*, 145 F.3d 1032, 1048 (9th Cir. 1998) ("Injunctive relief is appropriate in cases involving challenges to government policies resulting in a pattern of constitutional violations.").

The record here demonstrates that prison officials at CCI- Tehachapi are interfering with Plaintiff's constitutional right to access the courts by depriving him the ability to communicate with his counsel. The Court is concerned that this interference may be connected to the alleged

retaliation Plaintiff maintains is directed at him because he is exercising his First Amendment constitutional right to access to the courts. Whether there is any connection between the apparent interference and the allegations in Plaintiff's complaint is unknown for the very reason that Plaintiff has been unable to communicate with his counsel. The record in this case demonstrates that there is a very real threat that such interference with Plaintiff's access to his counsel appears likely to continue without the injunctive relief requested by Plaintiff.

B.      Scope of Injunction

Having concluded that the circumstances justify injunctive relief, the Court must next properly tailor the requested relief. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) ("The scope of injunctive relief is dictated by the extent of the violation established") (internal quotation omitted). The Court's "exercise of equitable discretion … [must heel] close to the identified violation and respect[] the interests of state and local authorities in managing their own affairs, consistent with the Constitution," *Gilmore v. People of the State of California*, 220 F.3d 987, 1005 (9th Cir. 2000) (citation and internal quotation marks omitted), and, in the language of the PLRA, whether it "extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1).

And, as required by the PLRA, the prospective relief must be focused specifically on the few actions necessary to correct violations of individual inmates' rights. In sum, the relief granted must address only the harm caused to an individual inmate. *Gomez v. Vernon*, 255 F.3d 1118, 1130-1131 (9th Cir. Idaho 2001).

Defendants argue that allowing Plaintiff to speak with his counsel sixty minutes per week between now and his trial date is not necessary for them to represent Mr. Johnson effectively . (Doc. 149 at 4-5). Further, Defendants argue that "[t]here is neither a telephone nor a room in administrative segregation dedicated to inmate telephone calls, so a sergeant or lieutenant would have to give up his office for the period of the call." *Id.* at 5. According to Defendants, allowing

Mr. Johnson to have telephone contact with his attorneys would "force the State to pay for additional workers at a time when the state cannot afford the workers it already has on staff" because Mr. Johnson would have to be escorted by staff to a dedicated office for the phone call, and an officer would have to stand guard during the call. *Id*. at 5-6. These arguments are unpersuasive for several reasons. Most importantly, prisoners housed in administrative segregation are constitutionally entitled to access to the courts (and thus contact with their counsel), just as are prisoners housed elsewhere in the prison. Defendants have not made a compelling argument that allowing Mr. Johnson access to a telephone on a weekly basis would create "any adverse impact on public safety or the operation of a criminal justice system." In sum, Defendants' counsel's proferred excuses for denying Mr. Johnson access to reasonable contact with his attorneys by telephone are speculative, not persuasive, and insensitive to Defendants' constitutional responsibility to inmate litigants.

Defendants have requested that if the Court grants the requested injunction, it should make only Defendant Gonzales subject to the terms of the injunction because, as Warden at CCI, he is the only party with the authority to facilitate telephone calls between Mr. Johnson and his attorneys.

Plaintiff's motion for an injunction compelling Defendants to provide Mr. Johnson with access to a telephone so that he may confer with his court-appointed counsel for up to sixty minutes per week between now and the trial scheduled in this matter is hereby GRANTED in part. (Doc. 144). The injunction will be effective only as to Defendant Gonzales, who, as Warden at CCI, has the authority to facilitate the scheduled calls as ordered. The injunction shall take effect immediately upon Mr. Johnson's transfer back to CCI – Tehachapi from DVI. As ordered herein, Defendants shall inform Plaintiff's counsel that Mr. Johnson has been transferred back to CCI – Tehachapi within 72 hours of his transfer so that the calls may begin. At that time, Defendants' counsel shall facilitate the process, as needed, with Defendant Gonzales and Plaintiff's counsel and take any measures necessary to see that this order is carried

out. If Mr. Johnson is permanently transferred to another facility, Defendants shall notify the Court immediately, and the Court will enter an order lifting this injunction as to Defendant Gonzales.

**D**

Based upon the relief ordered herein, which requires that Defendants provide Plaintiff's counsel with access to their client, the Court will DENY Plaintiff's motion for sanctions. (Doc. 151).

**CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction, filed September 8, 2008 is DENIED as moot (Doc. 127);

2. Defendants' counsel is hereby ORDERED to investigate the whereabouts of legal mail sent to Plaintiff by his counsel on November 22, 2008 and provide a sworn declaration informing Plaintiff's counsel, and the Court, of the results of the investigation (to be carried out as set forth more fully in the above ruling) on or before December 31, 2008;

3. Defendants are hereby ORDERED to inform counsel for Plaintiff, and this Court, when Mr. Johnson has been transferred back to CCI, and to make such notification within 72 hours of the transfer. If Mr. Johnson is transferred (or has already been transferred) from DVI to a facility other than CCI – Tehachapi, Defendants are ORDERED to inform counsel for Plaintiff, and this Court, of such transfer and to make such notification within 72 hours of the transfer;

4. Plaintiff's motion for an injunction compelling Defendants to provide Mr. Johnson with access to a telephone so that he may confer with his court-appointed counsel for up to sixty minutes per week between now and the trial scheduled in this matter is hereby GRANTED in part, as set forth more fully in the above ruling. (Doc. 144); and,

5. Plaintiff's motion for sanctions is DENIED. (Doc. 151).

/////

DATED: December 23, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation