IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

    Plaintiff,

vs.

W. J. SULLIVAN, et al.,

    Defendants.

Case No. 1:06-cv-01089 ALA (P)

ORDER

    On January 9, 2009, this Court ordered Plaintiff to file a response to Defendants' January 7, 2009 motion for reconsideration of the Court's order granting Plaintiff's preliminary injunction, dated December 23, 2008. (Doc. 154, 163). In that order, the Court directed that in the response, Plaintiff's counsel "indicate whether counsel for Plaintiff had requested individual phone calls with their client, now that he is no longer housed in the Security Housing Unit, and if so, the outcome of that request." (Doc. 163).

    Defendants have contended in their motion for reconsideration (doc. 154) that there is a less restrictive means of meeting counsels' need to communicate with their client, Mr. Johnson, which is to have counsel for Plaintiff "request individual phone calls with him when they need to speak with him." (Doc. 154). According to Defendants, counsel for Plaintiff have "never asked for this." *Id*. Defendants also argue that Plaintiff's counsel have "never been told that the prison

would refuse such a request." *Id.*

On January 15, 2009, Plaintiff's counsel filed a response to Defendants' motion for reconsideration. (Doc. 173). In the response, Plaintiff's counsel maintain that soon after being appointed pro bono counsel for Plaintiff in August 2008, Laurie Thrower was informed by CCI Litigation Coordinator Brian Snider that Plaintiff was not allowed telephone calls because of his "security classification."[1] (Doc. 173, 174 at ¶ 2). Similarly, in an earlier declaration filed by Plaintiff's counsel Michael DeNiro, in support of Plaintiff's motion for an injunction (doc. 146), Mr. DeNiro stated that when he called CCI on November 28, 2008, identified himself as an attorney for Plaintiff, and asked to speak to his client, he was denied telephone contact because, he was told, Mr. Johnson "was held in the SHU, and inmates in the SHU are not allowed to receive calls."[2] *Id*. at ¶ 5.

Thus, it appears from the record that at the times Plaintiff's counsel have been denied telephone contact with their client, the reason given for the denial was that Plaintiff was being housed in the SHU, and inmates housed in the SHU "are not allowed to receive calls." *Id.* For this reason, the Court specifically requested that Plaintiff's counsel "indicate whether counsel for Plaintiff ha[ve] requested individual phone calls with their client, <u>now that he is no longer housed in the Security Housing Unit, and if so, the outcome of that request</u>."

/////

/////

/////

/////

---

[1] It is the Court's understanding that Mr. Johnson was being housed in the prison's Security Housing Unit (SHU) at the time Ms. Thrower first attempted to contact him by telephone following her appointment as pro bono counsel in August 2008.

[2] It was later revealed that Mr. Johnson was in fact no longer in the SHU on November 28, 2008.

1     The Court hereby directs counsel for Plaintiff to file a supplemental brief responding to
2 this question. Plaintiff's response is due on or before January 23, 2009.
3     IT IS SO ORDERED.
4 /////
5 DATED: January 16, 2009

                                      /s/ Arthur L. Alarcón
                                      UNITED STATES CIRCUIT JUDGE
                                      Sitting by Designation