IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

    Plaintiff,               Case No. 1:06-cv-01089 ALA (P)

    vs.

W. J. SULLIVAN, et al.,

    Defendants.          <u>ORDER</u>

_____/

    Plaintiff Garrison S. Johnson is a state prisoner in this civil rights action filed pursuant to 42 U.S.C. § 1983. Johnson is represented by pro bono counsel appointed by this Court. There are several matters pending before the Court.

**A**

    Counsel for Johnson have filed two ex parte applications for advance authorization to cover costs of their participation in (1) Defendants' deposition of Johnson (doc. 160), and (2) Defendants' depositions recorded by a certified shorthand reporter (doc. 161). In the Court's order of August 26, 2008 (doc. 112) appointing counsel for Johnson, the Court indicated that counsel was being appointed pursuant to General Order No. 230. Under General Order No. 230, counsel is required to set forth the course of action necessary to the prosecution of the action, and the amount of anticipated costs to be incurred, broken down by purpose of the cost. Counsel

1  shall also indicate the amount not to be exceeded in pursuing a given course of action.  (See
2  sample form provided with General Order No. 230.)  Additionally, as set forth in the Court's
3  order of August 26, 2008 (doc. 112), all deposition transcript costs for payment are made
4  pursuant to section 8030.6 of the California Business and Professions Code.  While the
5  applications pending before the Court largely comply with the requirements of General Order
6  No. 230, they are deficient in a few respects.

7  Accordingly, Counsel for Plaintiff is hereby directed to supplement the ex parte
8  applications for advance authorization to cover costs to include an exact accounting of (1) costs
9  already incurred, along with the purpose for incurring the costs; (2) anticipated costs for each
10 expense, for each witness to be deposed, including costs of transcripts transcribed by a certified
11 shorthand reporter.  The Court will rule on the supplemented applications expeditiously, and in
12 advance of the deposition expenses being incurred if possible.

**B**

14 On December 23, 2008, the Court granted Plaintiff's motion for a preliminary injunction
15 (doc. 144), compelling Defendant Gonzales to provide Mr. Johnson with access to a telephone so
16 that he may confer with his court-appointed counsel for up to sixty minutes per week between
17 now and the trial scheduled in this matter. (Doc. 154).  On January 7, 2009, Defendants filed a
18 motion for reconsideration. (Doc. 163).  On January 9, 2009, this Court ordered Plaintiff to file
19 a response to Defendants' January 7, 2009 motion for reconsideration. (Doc. 165).  Plaintiff has
20 responded. (Doc. 175, 177).

21 Defendants' motion for reconsideration is DENIED.  The parties are hereby ordered to
22 come to a mutually agreeable time and day for Plaintiff's counsel to reach their client by
23 telephone, a minimum of one time per week, until the trial occurs in this matter, so long as
24 Johnson is incarcerated at CCI - Tehachapi.

**C**

26 On January 9, 2009, Plaintiff filed a motion for sanctions for Defendant Gonzales's

failure to comply with this Court's order to allow Plaintiff's counsel to speak to Johnson by telephone once weekly, so long as Plaintiff is held at CCI - Tehachapi. (Doc. 164). Defendants have responded. (Doc. 180). Good cause appearing, Plaintiff's motion for sanctions is DENIED.

**D**

On January 20, 2009, Plaintiff filed a motion to compel the California Department of Corrections and Rehabilitation (CDCR) to accept or decline service by email. (Doc. 178, 179). Plaintiff argues that the Court should compel the CDCR, a non-party to this action, to accept or decline to accept service by email. According to Plaintiff, attempts to serve the CDCR have been unsuccessful, and on January 15, 2009, a CDCR attorney contacted Plaintiff's counsel, "asking under what authority he used email to serve the subpoena on the [CDCR]." *Id.* Counsel for Plaintiff, Mr. DeNiro, also contends that the CDCR appears to have put him "on its blocked senders list." *Id.*

On this record, it appears that the CDCR has already "declined" to accept service by email. The Court will not order the CDCR, a non-party witness in this case, to accept or decline service by email where it appears that that non-party has already declined to accept such service. Plaintiff's motion is DENIED.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for Plaintiff shall supplement their ex parte applications for advance authorization to cover costs (doc. 160, 161) to comply with General Order No. 230 and section 8030.6 of the California Business and Professions Code, as set forth more fully above;

2. Defendants' motion for reconsideration (doc. 163) is DENIED;

3. Plaintiff's motion for sanctions (doc. 164)is DENIED; and,

/////

/////

      4.     Plaintiff's motion to compel the CDCR to accept or decline service by email, (doc. 178, 179), is DENIED.

/////

DATED: January 21, 2009

                                  /s/ Arthur L. Alarcón  
                                  UNITED STATES CIRCUIT JUDGE  
                                  Sitting by Designation